# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN THOMPSON BEY,

      Plaintiff,           CIVIL ACTION NO. 07-CV-10919-DT

vs.

                                   DISTRICT JUDGE DAVID M. LAWSON

RICHARD STAPLETON,        MAGISTRATE JUDGE MONA K. MAJZOUB
et. al,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** Defendants' Motion to Dismiss filed on August 28, 2007 (docket no. 17) should be **DENIED**.

Plaintiff's Motion for Declaratory Judgment filed on September 17, 2007 (docket no. 18) should be **DENIED.**

**II.**     **REPORT:**

This matter comes before the Court on the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Stapleton, Ricci, and Hofbauer. (Docket no. 17). They contend that this action is barred by the applicable three-year statute of limitation. Plaintiff has submitted a Response to the motion which he labeled also as a Motion for Declaratory Judgment. (Docket no. 18). The case was referred to the undersigned for all pretrial proceedings. (Docket no. 24). The motions are now ready for ruling.

A. *Factual Background*

Plaintiff is a prisoner of the Michigan Department of Corrections (MDOC) who filed this action *pro se* alleging that his due process rights were violated by Defendants in connection with his prison disciplinary proceeding. (Docket no. 1). Plaintiff alleges that on June 4, 1996 prison officials charged him with a major misconduct violation for conspiring to assault and batter a fellow inmate who subsequently died from stab wounds. (*Id*. at 6). On June 24, 1996 Plaintiff alleges that a hearing on the charge was reconvened after an earlier postponement, and he was found guilty of the charge. (*Id*. at 12). He claims that he was denied documents and information which he needed to present an adequate defense to the charge. As a result, Plaintiff claims that his due process rights were violated by Defendants, and he was convicted. (*Id*. at 12-15). Plaintiff also claims that his due process rights were violated because Defendants failed to make an independent assessment of the veracity and reliability of the confidential informants who gave information in his case. (*Id*. at 17-23). As a result of his conviction, Plaintiff alleges that he received 30 days detention, the loss of disciplinary credits, an increase in security classification, placement in a Supermax prison, removal from some activities and programs, and confinement to segregation for 2,873 continuous days. (*Id*. at 24). He seeks declaratory relief that Defendants violated his due process rights as well as compensatory and punitive damages. (*Id*. at 25).

Defendants move to dismiss on the theory that the three-year statute of limitation on Plaintiff's claims began running on or about the date of Plaintiff's disciplinary hearing, June 24, 1996. (Docket no. 17). Therefore, they contend that the limitation period expired well before Plaintiff filed this action in March 2007. (*Id*.). In response, Plaintiff claims that he was required to

exhaust his available remedies before filing this action and that his Complaint was timely filed considering his exhaustion efforts. (Docket no. 18).

B.   *Standard of Review*

Defendants have moved to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6). Dismissal under this rule is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. (*Id*.). The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. (*Id*.).

Defendants have the burden of demonstrating that the statutory limitation period had run before Plaintiff filed this action. *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007), *pet. for cert. filed* (Aug. 29, 2007).

C.   *Analysis*

The determinative issue with regard to Defendants' Motion to Dismiss is when Plaintiff's cause of action accrued. The parties agree that the applicable limitation period is three years. The determination of the date of accrual for Plaintiff's claims is not as straightforward as Defendants suggest in their motion. They fail to discuss the effect of *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny on Plaintiff's accrual date. In *Heck*, the Supreme Court held that in order to recover damages for allegedly unconstitutional imprisonment or conviction, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's

issuance of a writ of habeas corpus. (*Id*. at 486-87). Until such a reversal, the section 1983 plaintiff has no cause of action, and his cause of action has not accrued. (*Id*. at 487); *Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 638 (6th Cir. 2007).

In *Edwards v. Balisok*, 520 U.S. 641 (1997) the Court made clear that *Heck* applies to convictions in prison disciplinary proceedings. Under Sixth Circuit precedent following these cases *Heck* was applied categorically to all suits challenging prison disciplinary proceedings. *See Huey v. Stine*, 230 F.3d 226 (6th Cir. 2000). In *Muhammad v. Close*, 540 U.S. 749 (2004), the Supreme Court held that the view expressed in *Huey* was mistaken. The Court clarified that "the incarceration that matters under *Heck* is the incarceration ordered by the original judgment of conviction, not special disciplinary confinement for infraction of prison rules." *Close*, 540 U.S. at 752 n.1. Muhammad's section 1983 suit could not be construed as seeking a judgment at odds with his conviction or with the State's calculation of time to be served in accordance with the underlying sentence. Therefore, *Heck* was not applicable to his action.

Plaintiff argues that due to the state of the law during the relevant period he was required to attempt to overturn his guilty verdict before filing this section 1983 action. In other words, before the *Muhammad* case was decided, his cause of action did not accrue until he successfully overturned his conviction. This changed, according to Plaintiff, when *Muhammad* was decided. After *Muhammad* Plaintiff contends that he need not show that his conviction has been overturned before filing this action. Plaintiff further contends that by the time *Muhammad* was decided he was already in the process of exhausting his remedies in federal court. He alleges that this process culminated in January 2007 when the Supreme Court denied his Petition for Writ of Certiorari. Plaintiff therefore claims that his filing of this action in March 2007 was within his limitation period.

Plaintiff's argument is set out in his Response brief. (Docket no. 18). Defendants did not file a Reply brief. Therefore, they have not addressed Plaintiff's argument. The Court ordered Defendants to supplement their Motion to Dismiss with prison records showing the exact date that Plaintiff gave his Complaint to prison officials for mailing to the Clerk of Court. (Docket no. 29). The Court ordered these records to determine whether, assuming that Plaintiff's cause of action accrued when the Supreme Court decided *Muhammad* on February 25, 2004, Plaintiff filed his Complaint within three years of that date. Defendants subsequently submitted prison records which show that Plaintiff mailed his Complaint on February 23, 2007. (Docket no. 32). Therefore, Plaintiff "filed" this action under the prison mailbox rule within three years of the Supreme Court's decision. If his claim accrued on that date or afterward, Plaintiff's Complaint was timely filed.

It is Defendants' burden to show that Plaintiff failed to file his Complaint within the limitation period. *Cooey v. Strickland*, 479 F.3d at 416. By failing to address Plaintiff's argument that under *Heck* and its progeny his cause of action did not accrue until at least after the Supreme Court decided *Muhammad*, they have failed to carry their burden. Defendants have not addressed the need for Plaintiff's efforts to exhaust his remedies or the propriety of these efforts in terms of timely filing and filing in the proper courts.[1] At this point the record fails to show that Plaintiff's claims accrued prior to February 23, 2004, three years prior to the time that he "filed" his Complaint. Defendants' Motion to Dismiss should therefore be denied.

---

[1] Defendants also have not argued that this action is presently barred by *Heck* because Plaintiff has not won a reversal of his prison disciplinary conviction. The Court concludes that under present Sixth Circuit case law this action cannot be summarily dismissed on such a basis. *See Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007).

Plaintiff's Motion for Declaratory Judgment is simply his Response to Defendants' Motion to Dismiss. He has failed to show that he is entitled to judgment. This motion should therefore also be denied.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 17, 2008              s/ Mona K. Majzoub
                                                        MONA K. MAJZOUB
                                                        UNITED STATES MAGISTRATE JUDGE