**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN THOMPSON BEY,
      Plaintiff,        CIVIL ACTION NO. 07-CV-10919-DT

vs.

DISTRICT JUDGE DAVID M. LAWSON

RICHARD STAPLETON,        MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
      Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter comes before the Court on two motions filed by Plaintiff. Plaintiff is a Michigan state prisoner who alleges in this action pursuant to 42 U.S.C. § 1983 that Defendants violated his due process rights in connection with a prison disciplinary proceeding. (Docket no. 1). Plaintiff moves for the appointment of counsel and for the Court to reconsider an earlier order which stayed discovery in this action. No response has been filed to these motions. The action has been referred to the undersigned for pretrial proceedings. (Docket no. 24). These motions are now ready for ruling.

Appointment of counsel for prisoners proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915, which states that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (internal quotations and citations omitted). *See also Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) (citing Charles R. Richey, Prisoner Litigation in the United States Courts 75 (1995) ("'Prisoners have no statutory right to counsel in civil rights cases. Instead, the appointment of counsel is within the court's discretion.'")). At this time, the Court declines to exercise its discretion to appoint counsel to represent Plaintiff. Plaintiff has adequately alleged the claims forming the basis of this section 1983 action indicating his basic understanding of the legal process. Accordingly, Plaintiff's Motion for the Appointment of Counsel will be denied.

Discovery was stayed in this action pending consideration of Defendants' Motion to Dismiss. This Court has now recommended that Defendants' Motion to Dismiss this action be denied. Therefore, discovery may proceed. Plaintiff is advised that discovery is normally conducted among the parties without the Court's involvement. He should serve his discovery requests upon Defendants' counsel as is required by the Federal Rules of Civil Procedure. Plaintiff also asks that the Michigan Department of Corrections be ordered to provide the US Marshals with the last known addresses of the Defendants not yet served with process. These are Defendants L. McMillian, Glenda Wells, Robin Pratt, and Harold White. Process could not be served on L. McMillian because the MDOC could not determine the identity of this person. Therefore, Plaintiff must provide better identification information for Defendant McMillian. The Court will order production of addresses for the remaining three Defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Appoint Counsel (docket no. 40) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (docket no. 39) is **GRANTED** to the extent that Defendants' counsel is ordered to provide under seal the last known

addresses for Defendants Wells, Pratt, and White for forwarding to the US Marshals, and is otherwise **DENIED.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: April 21, 2008              s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon John Thompson and Counsel of Record on this date.

Dated: April 21, 2008              s/ Lisa C. Bartlett
                                   Courtroom Deputy