UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN THOMPSON BEY,

        Plaintiff,

v.

        Case Number 07-10919
        Honorable David M. Lawson
        Magistrate Judge Mona K. Majzoub

RICHARD STAPLETON, JOANN RICCI,
L. MCMILLIAN, GLENDA WELLS,
JERRY HOFBAUER, ROBIN PRATT, and
HAROLD WHITE,

        Defendants.

_____/

## ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT

The plaintiff, who presently is a prisoner in the custody of the Michigan Department of Corrections, filed this *pro se* action alleging that his procedural due process rights were violated in a prison disciplinary proceeding when certain exculpatory evidence was withheld from him during a major misconduct hearing. He brings his action under 42 U.S.C. § 1983. The events that gave rise to the present dispute took place in 1996. The defendants moved to dismiss because this 2007 lawsuit, they say, was filed out of time. The plaintiff responded with a motion for declaratory judgment. Acting under a general order of reference to conduct all pretrial matters, Magistrate Judge Mona K. Majzoub fled a report on March 17, 2008 recommending that both motions be denied. the plaintiff did not object to the recommendation. The defendants filed objections to the report and recommendation, and the matter is before the Court for a *de novo* review.

Although the Court understands the defendants' consternation over the age of the claim, the Court believes that their objections must be overruled. The plaintiff's cause of action did not accrue

until the decisional law removed the bar that prevented a prisoner's section 1983 damage action for the alleged deprivation of a constitutional right during prison discipline proceedings. The complaint in this case was filed within the allowable time following the removal of that disability. The Court, therefore, will overrule the defendants' objections, adopt the recommendation, and deny the motion to dismiss the action.

I.

The plaintiff is currently incarcerated at Kinross Correctional Facility in Kincheloe, Michigan, but the events that are the subject of this lawsuit occurred when he was incarcerated at the State Prison of Southern Michigan in Jackson, Michigan. Apparently, the plaintiff was suspected of conspiring to assault another inmate, and it is the procedure that concluded in a finding of misconduct and discipline that he says violated his rights under the Fourteenth Amendment. On February 1, 1996, the plaintiff was placed in administrative segregation due to suspicion that he was involved in a stabbing that led to the death of another inmate. On June 4, 1996, investigator Glenda Wells filed a major misconduct report alleging that the plaintiff was involved in a conspiracy to carry out the attack. The plaintiff requested the assistance of a hearing investigator and relevant documents. On June 6, 1996, investigator L. McMillian met with the plaintiff, and the plaintiff gave McMillian a written statement and a list of questions to be answered by McMillian.

On June 10, 1996, a hearing was held with Hearing Officer JoAnn Ricci presiding. The plaintiff had not been given responses to his questions yet. However, he had learned that there were three confidential witnesses who made statements against him; two of the statements were signed and one was unsigned. Upon the plaintiff's protests that his questions were not answered, Ricci

adjourned the hearing. On June 24, 1996, when the hearing was reconvened, the plaintiff still had not had his questions answered or seen the documents that were used against him.

The plaintiff was found guilty by Ricci at the hearing. On July 8, 1996, the plaintiff obtained the previously withheld documents, which, according to the plaintiff, call into question the credibility of the witnesses. In fact, the plaintiff's alleged co-conspirator, J. Thomas-Bey, was found not guilty because the hearing officer concluded that the informant was not credible. But as a result of the finding of guilt in his case, the plaintiff received thirty days detention, lost disciplinary credits, suffered an increase in his security classification, was confined to segregation for 2,873 days, and forfeited his participation in general population activities. On July 15, 1996, he filed a request for a rehearing, which was denied. He then filed a grievance dated June 26, 1996, which was denied August 8, 1996. On August 18, 1996, he appealed the grievance to Level II within the administrative system. That appeal was denied on September 9, 1996. It is not clear whether he appealed to Level III (the final stage within the administrative system).

The plaintiff then filed a request for judicial review of his conviction. According to his complaint, his claim was dismissed by a Michigan circuit court on January 7, 1999, his intermediate appeal was denied on August 29, 2000, and his application for leave to appeal was denied by the Michigan Supreme Court on March 27, 2001. The plaintiff then filed a petition for a writ of habeas corpus in the Western District of Michigan, which denied on July 15, 2004. The plaintiff's request for a certificate of appealability was denied by the Sixth Circuit on July 29, 2006, and his petition for a writ of certiorari was denied on January 9, 2007.

That set the stage for the present lawsuit. The plaintiff submitted this complaint in this case to prison officials for mailing on February 23, 2007. Therein, the plaintiff alleges that the process

used to find him guilty of major misconduct violated his due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. He seeks declaratory relief and compensatory damages. He does not ask for restoration of any "good time" credits or an adjustment of his sentence.

The defendants filed their motion to dismiss alleging that on the face of the pleadings the claim is untimely. They contend that the cause of action accrued when the plaintiff had reason to know of his legal injury, that is, when he found out about the withheld documents. That was in 1997. The statute of limitations for actions brought under section 1983 in Michigan federal courts is three years, the argue, so the plaintiff filed his case too late.

The magistrate judge disagreed. She concluded that under the Sixth Circuit's decision in *Huey v. Stine*, 230 F.3d 226 (6th Cir. 2000), a prisoner challenging prison disciplinary proceedings via section 1983 must first obtain a reversal or vacation of the finding of guilt, and the cause of action would not accrue until the prior proceeding was favorably terminated. However, *Huey* was overruled by the Supreme Court in *Muhammad v. Close*, 540 U.S. 749 (2004). Since the plaintiff filed his case in this court within three years of that decision, the magistrate judge concluded that it was timely.

The defendants object to this conclusion on two grounds. First, they say that *Muhammad* does not apply to the sort of complaint that the plaintiff is bringing. In *Muhammad*, the Court expressly found that no good-time credits were taken from the plaintiff. Here, in contrast, the plaintiff lost disciplinary credits, which are slightly different than good-time credits.

Second, the defendants state that even if *Muhammad* did clarify the law relating to challenges to prison disciplinary proceedings under section 1983, the plaintiff still must bring his case within three years of the accrual date, which had expired by the time *Huey* was decided in late 2000.

II.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

As noted, the plaintiff did not object to the magistrate judge's conclusion that his motion for declaratory judgment should be denied. Therefore, the Court may and does adopt the report and recommendation as to that ruling. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (holding that the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

The statute of limitations for claims filed in Michigan based on 42 U.S.C. § 1983 is three years. *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). To comply with that limitation, the plaintiff must file his lawsuit within three years of when his claim accrues. "[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 127 S. Ct. 1091, 1095 (2007). "[I]t is the standard rule that [accrual

occurs] when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Ibid.* (internal quotes and citations omitted; alteration in original). In this case, one might conclude that the plaintiff could have filed his cause of action when the alleged constitutional deprivation occurred, that is, when the disciplinary hearing took place without the hearing officer turning over exculpatory evidence that the plaintiff could have used to defend himself, which is to say in 1997.

But, as the magistrate judge observed, that simple observation is complicated by Supreme Court (and Sixth Circuit) jurisprudence. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court expanded on the distinction drawn between the "two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983." *Muhammad*, 540 U.S. at 750. The Court held in *Heck*:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87. "Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen." *Id.* at 489. Consequently, the Court declared, "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489-90.

Three years later, on May 19, 1997, the Supreme Court expanded the rule of *Heck* to a prisoner who brought a section 1983 action for damages as a result of the prison's revocation of his

good-time credits under a procedure that the plaintiff claimed violated due process. *Edwards v. Balisok*, 520 U.S. 641 (1997). Applying the rationale of *Heck*, the Court held that the plaintiff's "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." *Id.* at 648. The Court again emphasized that "a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id.* at 649. The Court emphasized that although the prisoner did not seek the restoration of his disciplinary credits, success of his section 1983 damage claim would necessarily imply the invalidity of the prison administrative proceeding; hence *Heck* would bar the action absent proof that the prior proceeding was terminated in the prisoner's favor. *Id.* at 646 (observing that "[t]he principal procedural defect complained of by respondent would, if established, necessarily imply the invalidity of the deprivation of his good-time credits").

Almost immediately thereafter, the Sixth Circuit began to dismiss claims by Michigan prisoners challenging major misconduct hearings and the consequent loss of good time credits via section 1983. *See Foster-Bey v. Duncan*, 142 F.3d 433, 1998 WL 124002, at *2 (6th Cir. Mar. 13, 1998) ("The principal procedural defect complained of by Foster-Bey would, if established, necessarily imply the invalidity of the judgment depriving Foster-Bey of his good-time credits."); *Muhammad v. Bush*, 121 F.3d 708, 1997 WL 434382, at *4 (6th Cir. Jul. 31, 1997) (table) (due process challenge to major misconduct issued by Michigan prison). In 2000, the Sixth Circuit ratified this line of cases in a published decision, *Huey v. Stine*, 230 F.3d 226 (6th Cir. 2000). In that case, Joseph Huey, a prisoner, brought a section 1983 claim seeking money damages for a thirty-day detention and loss of privileges he suffered as the result of a conviction for major misconduct. The

Court held that "[i]n order to grant the plaintiff in this case the relief that he seeks, we would have to unwind the judgment of the state agency. This is precisely the result that we have repeatedly held to be impermissible based on our interpretation of *Edwards*." *Id.* at 230 (internal quotations omitted).

Under this line of cases, therefore, it is reasonable to conclude that Thompson-Bey's cause of action could not – and did not – accrue since, although he suffered a loss by denial of procedural due process, he had not obtained the favorable termination of the administrative proceedings against him. And if the law in this area remained static, his cause of action still would not have accrued, since he has challenged the prison administrative proceeding through the highest level without success.

However, the Supreme Court had more to say. In 2004, the Supreme Court dealt with a Michigan prisoner who brought a § 1983 claim seeking damages for the mandatory prehearing detention allegedly caused by a retaliation-motivated prison official. *Muhammad v. Close,* 540 U.S. 749, 753 (2004). The Court assumed that there would be no restoration of good-time credits. *Id.* at 755. *Huey*'s "mistaken view . . . that *Heck* applies categorically to all suits challenging prison disciplinary proceedings" was overruled. *See id.* at 754; *see also Muhammad v. Close*, 379 F.3d 413, 415 (6th Cir. 2004).

In 2005, again reviewing a Sixth Circuit decision, the Supreme Court decided that prisoners could bring a § 1983 suit challenging the procedures used to determine parole. *Wilkinson v. Dotson*, 544 U.S. 74 (2005). The plaintiffs in that case did not challenge prior prison discipline findings, but rather objected to the use of new and harsher parole criteria that came into effect after they had started serving their sentences. Looking to state law, the Court noted that "[s]uccess for Dotson does

not mean immediate release from confinement or a shorter stay in prison; it means at most new eligibility review, which at most will speed consideration of a new parole application. Success for Johnson means at most a new parole hearing at which Ohio parole authorities may, in their discretion, decline to shorten his prison term." *Id.* at 82. "Because neither prisoner's claim would *necessarily* spell speedier release, neither lies at 'the core of habeas corpus.'" *Ibid.* (quoting *Preiser v. Rodriquez*, 411 U.S. 475, 489 (1973)).

Recently the Sixth Circuit decided that a challenge to a major misconduct conviction could proceed even though the plaintiff was seeking the restoration of at least five days of disciplinary credit. *Thomas v. Eby*, 481 F.3d 434, 439-40 (6th Cir. 2007). The procedural facts of *Thomas* closely mimic those in the present case. Thomas was found guilty of major misconduct, appealed the finding through the state administrative and judicial system, and then filed a section 1983 action in federal court. Rejecting the argument that the case was barred by *Edwards v. Balisok*, the court of appeals noted that the disciplinary credit program was "less[]generous" than the good-time credit program, which only applied to individuals who committed the sentenced offense before April 1, 1987, which does not apply here. The Court held:

> MDOC claims that Thomas's loss of disciplinary credits necessarily lengthens his sentence, and that Thomas's § 1983 claim therefore is barred under the habeas exception. However, the decision in *Ryan v. Department of Corrections*, 259 Mich. App. 26, 672 N.W.2d 535 (Mich. Ct. App. 2003), belies this argument. *Ryan* notes that disciplinary "credits are explicitly tied to a prisoner's parole eligibility date and discharge date. . . . Thus, credits do not determine when a sentence expires or is completed, but only when a prisoner is subject to parole or discharge." *Id.* at 541. This passage and the statute's text demonstrate that, as in *Dotson*, success in Thomas's § 1983 claim would not necessarily affect the duration of his sentence because prison officials would retain discretion regarding whether to grant him parole. Accordingly, the habeas exception does not bar Thomas's § 1983 claim.

*Id.* at 439-40. The Court interpreted *Wilkinson v. Dotson*, 544 U.S. 74 (2005), to hold that the habeas bar does not apply if there is only a "*potential* effect on the amount of time a prisoner serves." *Thomas*, 481 F.3d at 439 (emphasis in original).

Whether the plaintiff's claim in this case is barred by the rule in *Edwards* remains to be seen. The decision *Thomas* suggests that it is not, although the Court believes the reasoning is not sound. Although the *Thomas* court believed that disciplinary credits did not shorten the sentence, the statute suggest otherwise. *See* Mich. Comp. Laws § 800.33(3) ("Accumulated disciplinary credits shall be deducted from a prisoner's minimum and maximum sentence in order to determine his or her parole eligibility date *and discharge date*." (emphasis added)). The *Thomas* court relied on *Ryan v. Dep't of Corrections*, 259 Mich. App. 26, 672 N.W.2d 535 (2003), for the proposition that disciplinary credits do not necessarily shorten a sentence, but that case dealt with the unique situation of calculating and forfeiting disciplinary credits in the case of consecutive sentences.

One thing is certain, however: in 1997, after the Supreme Court decided *Edwards v. Balisok*, the plaintiff's claim for denial of procedural due process could not have accrued, since he had not obtained a favorable result in his prison disciplinary proceeding. *See Heck*, 512 U.S. at 489-90. That bar was not removed until the decision in *Muhammad v. Close* in 2004 at the earliest, and arguably not until 2007 when the Sixth Circuit decided *Thomas*.

The defendants' second objection therefore must be overruled. This case does not present a situation where a later court decision is used to resurrect an expired cause of action. Based on the foregoing, the plaintiff's claim did not accrue until *after* the bar was removed (if it actually was removed, which is a question for another day).

The defendants' first objection – in which they seek to distinguish this case from *Muhammad v. Close* – likewise must be overruled. The purported distinction is based on the observation that the plaintiff actually lost disciplinary credits, whereas Muhammad never lost any. But that distinction only addresses the question whether the claim has not yet accrued under *Heck*. *See Muhammad*, 540 U.S. at 755. It does not affect the application of the statute of limitations, a question that is complicated by the Sixth Circuit's decision in *Thomas*.

III.

There are serious questions about whether the plaintiff has a viable claim in this case, and the potential obstacles to recovery may be formidable. The statute of limitations is not one of them, however. The Court agrees with the magistrate judge's conclusion that the motion to dismiss on that ground must be denied.

Accordingly, it is **ORDERED** that the defendants' objections to the report and recommendation [dkt #37] are **OVERRULED**.

It is further **ORDERED** that the magistrate judge's report and recommendation [dkt #35] is **ADOPTED**.

It is further **ORDERED** that the defendants' motion to dismiss [dkt #17] is **DENIED**.

It is further **ORDERED** that the plaintiff's motion for declaratory judgment [dkt #18] is **DENIED**.

It is further **ORDERED** that the matter is referred to Magistrate Judge Majzoub under the previous reference order [dkt #24] for further pretrial proceedings and to conduct a trial if the parties consent under 28 U.S.C. § 636(c)(1).

s/David M. Lawson

DAVID M. LAWSON<br>
United States District Judge

Dated: May 27, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 27, 2008.

                        s/Felicia M. Moses  
                        FELICIA M. MOSES