UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN THOMPSON BEY,

      Plaintiff,                      CIVIL ACTION NO. 07-CV-10919-DT

vs.

                                         DISTRICT JUDGE DAVID M. LAWSON

RICHARD STAPLETON,             MAGISTRATE JUDGE MONA K. MAJZOUB
JOANN RICCI, L. MCMILLIAN,
GLENDA WELLS, JERRY
HOFBAUER, ROBIN PRATT,
HAROLD WHITE,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION:** The Motion for Summary Judgment filed by Defendants Stapleton, Ricci, and Hofbauer (docket no. 48) should be **GRANTED** to the extent that all claims against Defendant Hofbauer should be dismissed, and all claims against Defendants Ricci and Stapleton should be dismissed except for the official capacity claims for declaratory relief based on alleged due process violations, and otherwise be **DENIED.**

**II. REPORT:**

This matter comes before the Court on the Motion for Summary Judgment filed on June 11, 2008 by Defendants Richard Stapleton, Joan Ricci, and Gerald "Jerry" Hofbauer. (Docket no. 48). Plaintiff has filed a Response brief. (Docket no. 53). All pretrial matters have been referred to the undersigned for consideration. (Docket no. 24). This Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

### A. Factual Background and Claims

Plaintiff is a Michigan state prisoner who brought this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants in their personal and official capacities. (Docket no. 38). Plaintiff alleges that the Defendant prison officials violated his due process rights in connection with his prison disciplinary hearing held on June 24, 1996. (*Id.*). Plaintiff was convicted of a major misconduct charge related to the homicide of a fellow inmate. (*Id.*). He received 30 days of detention, the loss of disciplinary credits, an increase in his security classification, placement in a supermax prison, removal from participation in certain programs, and confinement to segregation for 2,873 days. (*Id.*). Defendant Ricci was the hearing officer who held the June 24, 1996 hearing. (*Id.*). Plaintiff alleges that Defendant Ricci denied his request for documents and answers to interrogatories needed for his defense prior to the June 24 hearing. (*Id.*). The documents were delivered to Plaintiff after the hearing, according to Plaintiff. (*Id.*).

Plaintiff further alleges that on June 26, 1996 he filed a prison grievance regarding the denial of the requested documents. (*Id.*). Defendant Hofbauer, warden of the prison, denied Plaintiff's grievance at Step II of the grievance process. (*Id.*). Plaintiff also filed a request for a rehearing of his disciplinary hearing conviction, but the Department of Correction's hearing division administrator, Defendant Stapleton, denied Plaintiff's request. (*Id.*).

Finally, Plaintiff alleges that Defendant Ricci violated his due process rights by failing to make an independent assessment of the informant's credibility and the reliability of the information that the informant provided to support his conviction. Plaintiff seeks declaratory relief and damages. (*Id.*).

Defendants Stapleton and Ricci, the hearing officer and hearing administrator, move for summary judgment on the basis of absolute judicial immunity. (Docket no. 48). Defendant Hofbauer, the prison warden, moves for summary judgment on the basis that he had no personal involvement in the acts that may have violated Plaintiff's constitutional rights. (*Id.*). Defendants also argue for dismissal of the claims against them based on qualified immunity and for dismissal of the official capacity claims because they are state employees. (*Id.*).

Plaintiff responds to these arguments by contending that Defendants Ricci and Stapleton are not entitled to absolute judicial immunity. (Docket no. 53). Plaintiff also argues that Defendant Hofbauer, by denying Plaintiff's Step II grievance, approved and acquiesced in the unconstitutional conduct of other Defendants and therefore may be liable under section 1983. (*Id.*).

**B.     Standard**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). The non-moving party must designate specific facts and identify the portions of the record where these facts may be found; the court is not required to "conduct its own probing investigation of the record." *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could

reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### C. Analysis

#### 1. Absolute Judicial Immunity

Defendants Ricci and Stapleton are entitled to absolute judicial immunity pursuant to *Shelly v. Johnson*, 849 F.2d 228 (6th Cir. 1988). In that action the Sixth Circuit found that the defense of absolute judicial immunity could be relied upon by the State of Michigan hearing officers employed by the Michigan Department of Correction because the regulations under which they operate are sufficiently stringent. Plaintiff argues that absolute judicial immunity should not protect these Defendants because he alleges in his Amended Complaint that they acted beyond the scope of their authority during his disciplinary hearing or by denying rehearing. However, immunity is not lost unless the adjudicator acts in a non-judicial capacity or where the adjudicator acts in absence of all jurisdiction. *Mann v. Conlin*, 22 F.3d 100, 105 (6th Cir. 1994). Plaintiff has not alleged any acts committed by these two Defendants that would fall into either of these categories and result in the loss of immunity.

Plaintiff also argues that absolute judicial immunity does not shield these Defendants from his request for declaratory relief. On this point Plaintiff is correct. Absolute judicial immunity does not preclude declaratory relief. *Mann*, 22 F.3d at 105; *Sevier v. Turner*, 742 F.2d 262, 269 (6th Cir. 1984). Accordingly, absolute judicial immunity precludes damages relief against Defendants Ricci and Stapleton. They remain liable for declaratory relief.

### 2. Defendant Hofbauer

Defendant Hofbauer should be dismissed because he did not have sufficient personal involvement in the alleged unconstitutional acts. Plaintiff alleges that Defendant Hofbauer denied his Step II grievance appeal. The Sixth Circuit held in *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), that the requisite showing of implicit authorization, approval, or knowing acquiescence in unconstitutional conduct is not established when a prison official merely denies an administrative grievance. As in *Shehee*, Plaintiff fails to allege or show that Defendant Hofbauer directly participated, encouraged, authorized or acquiesced in the claimed constitutional violations. Therefore, Defendant Hofbauer should be dismissed as a Defendant in this action.

### 3. Official Capacity Claims

Defendants Ricci and Stapleton argue that the claims against them in their official capacities should be dismissed because in their official capacities they are not "persons" under section 1983. While this is true for damages liability, state officials sued in their official capacities are "persons" under section 1983 for purposes of declaratory relief. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). In addition, the Eleventh Amendment does not bar such claims. *Rossborough Mfg. Co. v. Trimble*, 301 F.3d 482, 489 (6th Cir. 2002).

### 4. Qualified Immunity

Defendants argue that they are entitled to qualified immunity because they did not violate any of Plaintiff's constitutional rights of which a reasonable person would have known. However, this defense would only protect them against damages liability for which they already have protection due to their absolute judicial immunity. In addition, as far back as 1988 the Sixth Circuit held that "prison disciplinary committees are obligated to assess the reliability of inmate informants

upon whose testimony they rely to deprive inmates of good time credits." *Hensley v. Wilson*, 850 F.2d 269, 283 (6th Cir. 1988). The court held also that a contemporaneous written record must be made of the evidence relied upon. (*Id*.). Therefore, Defendants' argument that the rights Plaintiff alleges that Defendants violated were not clearly established in 1996 must be rejected.

Defendants also argue that the extensive post-deprivation remedies provided by Michigan state law preclude Plaintiff's due process claims. However, such post-deprivation remedies make up for a lack of pre-deprivation process when government officials commit "random or unauthorized" acts and not when they act according to an established state procedure that would allow for pre-deprivation process. *Mertik v. Blalock*, 983 F.2d 1353, 1364-65 (6th Cir. 1993). Plaintiff alleges that Defendants were acting pursuant to the established state procedures for prison disciplinary hearings where there is clearly an opportunity to provide sufficient pre-deprivation process. Therefore, the post-deprivation remedies available do not preclude this action.

Finally, Defendants argue that the favorable termination requirement of *Edwards v. Balisok*, 520 U.S. 641, 648 (1997), precludes this action. If applicable, *Edwards* would require Plaintiff to show that his prison disciplinary conviction had been overturned before he could bring a section 1983 action based upon the conviction. This doctrine applies only in cases where the invalidation of the disciplinary sentence would affect the duration of the inmate's confinement. *Muhammad v. Close*, 540 U.S. 749, 751-52 (2004). Plaintiff argues that this requirement does not apply to him because he was convicted as an habitual offender. (Docket no. 53 at 29 (Judgment showing habitual offender conviction)).

Plaintiff's contention that the sentences of habitual offenders under Michigan state law are not shortened by the accumulation of disciplinary credits has been recognized by several courts.

*Soto v. Birkett*, 2006 WL 1851259, slip copy at *1 (E.D. Mich. June 30, 2006) ("because Petitioner was sentenced as an habitual offender, he is not entitled under Michigan law to earn disciplinary credits against his sentence"); *Ziegler v. Birkett*, 2004 WL 1765516, slip copy at *3 (E.D. Mich. July 19, 2004) ("because the petitioner was sentenced as an habitual offender, he was not entitled under Michigan law . . . to earn disciplinary credits against his sentence"); *People v. Martinez*, 532 N.W.2d 863, 865 (Mich. App. 1995) (habitual offenders "may not earn disciplinary credits"). Defendants fail to distinguish these cases and otherwise show that the loss of disciplinary credits will decrease the duration of time that Plaintiff serves. (Docket no. 48 at 14-15). Therefore, under *Muhammad*, this doctrine does not apply to him.

For these reasons, Defendant Hofbauer should be dismissed as a Defendant in this action. The claims for damages against Defendants Ricci and Stapleton should also be dismissed. The only remaining claims against Defendants Ricci and Stapleton should be for declaratory relief in their official capacities for due process violations.

### III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS:</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*,

829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 02, 2008   s/ Mona K. Majzoub
                                                      MONA K. MAJZOUB
                                                      UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon John Thompson and Counsel of Record on this date.

Dated: September 02, 2008   s/ Lisa C. Bartlett
                                                       Courtroom Deputy