UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN THOMPSON BEY,**

      **Plaintiff,**              **CIVIL ACTION NO. 07-CV-10919-DT**

vs.

                                        **DISTRICT JUDGE DAVID M. LAWSON**

**RICHARD STAPLETON,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**JOANN RICCI, L. MCMILLIAN,**
**GLENDA WELLS, JERRY**
**HOFBAUER, ROBIN PRATT,**
**HAROLD WHITE,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** The Motion for Summary Judgment filed by Defendants White, Wells, and Pratt (docket no. 67) should be **GRANTED.**

**II.**    **REPORT:**

This matter comes before the Court on the Motion for Summary Judgment filed by Defendants Harold White, Glenda Wells, and Robin Pratt. (Docket no. 67). Plaintiff has responded. (Docket no. 71). All pretrial matters have been referred to the undersigned for consideration. (Docket no. 24). This Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

    **A.**    **Facts and Claims**

Plaintiff is a former Michigan state prisoner who is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was convicted of conspiring to

-1-

assault and batter another prisoner at a prison disciplinary hearing held on June 24, 1996. (Docket no. 38 at 10-12). He received 30 days of detention, the loss of disciplinary credits, an increase in security classification, placement in a supermax prison, removal from prison programs, and confinement to segregation for 2,873 continuous days. (*Id*. at 24). The prisoner who was assaulted died from his injuries. (Docket no. 1 ex. L). Plaintiff alleges two claims in his Amended Complaint. (Docket no. 38). First, he alleges that his due process rights were violated when Defendants denied his request for and withheld documents from him prior to and during his disciplinary hearing. (*Id*. at 6-17). Second, Plaintiff alleges that his due process rights were violated by the failure of Defendants to make an independent assessment of the credibility of the informant and the veracity and reliability of the informant's information. (*Id*. at 17-23). Plaintiff seeks as relief a declaratory judgment and damages. (*Id*. at 25). Plaintiff has exhausted his remedies by seeking a rehearing of his disciplinary conviction and by appealing through the state and federal court systems. (*Id*. at 3-4).

The Defendants relevant to this motion are as follows: Glenda Wells who was the internal investigator at the prison and who lodged the assault and battery charge against Plaintiff; Harold White whom Plaintiff alleges was the Assistant Deputy Warden of Custody at his prison and who denied Plaintiff's step one prison grievance regarding his hearing; and Robin Pratt who was an Assistant Deputy Warden of Custody at Plaintiff's prison and who also responded to Plaintiff's grievance concerning his hearing. (*Id*. at 6, 15; docket no. 71 at 6; docket no. 67 at 8).

Defendants argue that Plaintiff's due process claims are barred by the *Parratt* doctrine. *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Defendants White and Pratt also contend that they did not have the personal involvement necessary for section 1983 liability. (Docket no. 67 at 13). Finally, Defendants argue

that individual capacity claims are barred by qualified immunity and that official capacity claims are barred by Eleventh Amendment immunity. (*Id*. at 14-16).

### B. Standard

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### C. Analysis

#### 1. Defendants White and Pratt

Plaintiff alleges that Defendant White "upheld and approved the denial and withholding of all requested documents, exculpatory materials and answers to submitted questions/interrogatories to Plaintiff in Defendant White's denial of Plaintiff's grievance at step-one." (Docket no. 38 at 15). The only allegation against Defendant White therefore is that he signed Plaintiff's grievance response. (Docket no. 1 ex. B). There is no allegation that Defendant White played any part in the Plaintiff's disciplinary hearing.

Plaintiff failed to allege any facts against Defendant Pratt in his Amended Complaint. (Docket no. 38). Plaintiff acknowledges this failure in his Response to Defendants' Motion for Summary Judgment but argues that this was an "inadvertent omission." (Docket no. 71 at 6). He argues there that Defendant Pratt "is clearly indicated as a respondent to Plaintiff's grievance in the exact same manner as Defendant White." (*Id*.). Therefore, Plaintiff's claim against Defendant Pratt is based solely on her role as the respondent to Plaintiff's grievance. (Docket no. 1 ex. B). These two Defendants are legally in the same position.

The Sixth Circuit has made clear that conduct such as that alleged against these two Defendants is not sufficient to state a claim for relief under section 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). In *Shehee*, the court held that allegations that defendants denied an administrative grievance and failed to remedy the alleged unconstitutional behavior were not sufficient to impose liability under section 1983. (*Id*.). Plaintiff's attempt to distinguish the allegations against the *Shehee* defendants from those he makes against Defendants White and Pratt is unavailing. (Docket no. 71 at 8). Defendants White and Pratt should be granted summary judgment on the claims against them.

### 2. Defendant Wells

Plaintiff alleges that Defendant Wells lodged the assault and battery charge against him. (Docket no. 38 at 6). There is no allegation that Defendant Wells played any part in the denial of documents to Plaintiff which forms the basis of Plaintiff's first ground for relief. Plaintiff alleges that Defendant Wells is liable in his second ground for relief. He alleges that Defendant Wells "did not provide a report or statement stating whether a particular informant had proved reliable in specific past instances." (*Id*. at 21). Defendant Wells also allegedly did not provide a report stating

whether the informant's "allegations have been independently corroborated on specific material points." (*Id*. at 22).

The basis for Plaintiff's argument that Defendant Wells was required to provide these reports is *Hensley v. Wilson*, 850 F.2d 269 (6th Cir. 1988). (Docket no. 71 at 5). In *Hensley*, the court held that "prison disciplinary committees are obligated to assess the reliability of inmate informants upon whose testimony they rely to deprive inmates of good time credits." 850 F.2d at 283. Information from the investigator, such as that the particular informant has proved reliable in the past or that the informant's story has been independently corroborated on specific material points, is one source of information identified in *Hensley* which "would enable the committee to come to a reasoned conclusion that the informant is reliable." (*Id*. at 277).

Plaintiff argues that because Defendant Wells allegedly did not make such a report, his due process rights were violated. However, the *Hensley* court clearly charged the disciplinary committee, or in this case the hearing officer, with this responsibility. It is the decision maker's failure to ensure the reliability of the informant that results in a due process violation. *See Henry v. Pogats*, 35 F.3d 565 (6th Cir. Aug. 25, 1994) (unpublished). In *Henry*, the court found that where a prisoner is granted a hearing and convicted by a disciplinary board, the plaintiff suffers as a result of the finding of guilty and not as a result of the filing of unfounded charges. The filing of unfounded charges would not violate the prisoner's constitutional rights. (*Id*.). In the same manner, Plaintiff's due process rights were not violated by any failure of the investigator, Defendant Wells. Any violation of his due process rights due to the unreliability of the informant's information occurred during his disciplinary hearing and were committed by that decision maker. Plaintiff does

not allege that Defendant Wells was that decision maker, and his Amended Complaint makes clear that the hearing officer was a person who is named as a different Defendant.

Accordingly, Plaintiff has failed to establish that Defendant Wells violated his due process rights. Defendant Wells should be granted summary judgment. There is no need for the Court to consider whether the doctrine of *Parratt v. Taylor* forecloses relief in this action.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: January 13, 2009          s/ Mona K. Majzoub
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE

.

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon John Thompson and Counsel of Record on this date.

Dated: January 13, 2009          s/ Lisa C. Bartlett
                                           Courtroom Deputy