UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN THOMPSON BEY,

       Plaintiff,                CIVIL ACTION NO. 07-CV-10919-DT

vs.

                                   DISTRICT JUDGE DAVID M. LAWSON

RICHARD STAPLETON,        MAGISTRATE JUDGE MONA K. MAJZOUB
JOANN RICCI, L. MCMILLIAN,
GLENDA WELLS, JERRY
HOFBAUER, ROBIN PRATT,
HAROLD WHITE,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:**   The Motion for Summary Judgment filed by Defendant McMillian (docket no. 79) should be **GRANTED.**

**II.**     **REPORT:**

    This matter comes before the Court on the Motion for Summary Judgment filed by Defendant McMillian on December 19, 2008. (Docket no. 79). Plaintiff has not responded, and the time for responding has now expired. All pretrial matters have been referred to the undersigned for consideration. (Docket no. 24). This Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

    **A.**     **Facts and Claims**

    Plaintiff is a former Michigan state prisoner who is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was convicted of conspiring to

assault and batter another prisoner at a prison disciplinary hearing held on June 24, 1996. (Docket no. 38 at 10-12). He received 30 days of detention, the loss of disciplinary credits, an increase in security classification, placement in a supermax prison, removal from prison programs, and confinement to segregation for 2,873 continuous days. (*Id*. at 24). The prisoner who was assaulted died from his injuries. (Docket no. 1 ex. L). Plaintiff raises two claims in his Amended Complaint. (Docket no. 38). First, he alleges that his due process rights were violated when Defendants denied his request for and withheld documents from him prior to and during his disciplinary hearing. (*Id*. at 6-17). Second, Plaintiff alleges that his due process rights were violated by the failure of Defendants to make an independent assessment of the credibility of the informant and the veracity and reliability of the informant's information. (*Id*. at 17-23). Plaintiff seeks as relief a declaratory judgment and damages. (*Id*. at 25). Plaintiff has exhausted his remedies by seeking a rehearing of his disciplinary conviction and by appealing through the state and federal court systems. (*Id*. at 3-4).

Plaintiff alleges that Defendant McMillian was the hearing investigator assigned to his hearing. (*Id*. ¶ 15). He claims that Defendant McMillian violated his due process rights by denying and withholding documents from him. (*Id*. ¶ 46). Plaintiff asserts that he submitted "his written statement and his questions/interrogatories . . . for five witnesses" to Defendant McMillian on June 6, 1996. (*Id*. ¶ 15). Plaintiff also states that he submitted to Defendant "specific questions and issues to be answered and addressed in the investigation of the charge." (*Id*. ¶ 16). Plaintiff's disciplinary hearing was convened on June 10, 1996 but then adjourned and reconvened on June 24, 1996. (*Id*. ¶¶ 17-29). The hearing officer (not Defendant McMillian) denied Plaintiff's request for access prior to his hearing to all documents and answers to the questions for his witnesses. (*Id*. ¶ 29). Fourteen days after the hearing Defendant McMillian delivered to Plaintiff the previously

denied documents. (*Id*. ¶ 39). Plaintiff further claims that Defendant McMillian was obligated to provide him with known information about whether the informants in his case were credible and whether their information was reliable but failed to do so. (*Id*. ¶ 84-85).

Defendant McMillian argues that he is entitled to summary judgment based on qualified immunity in his individual capacity and based on Eleventh Amendment immunity in his official capacity. (Docket no. 79).

### B.    Standard

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### C.    Analysis

Because Plaintiff was accused of major misconduct, he was entitled to due process in connection with his disciplinary hearing in the form of prompt notice, a hearing, an opportunity to

present evidence in his defense, and a written statement of the reasons for the disciplinary decision.[1] *Wolff v. McDonnell*, 418 U.S. 539, 555-74 (1974); *Thomas v. Van Ochten*, 1995 WL 49126 (6th Cir. Feb. 7, 1995). "A prisoner's due process rights during a disciplinary hearing do not include the right to a hearing investigator." *Love v. Farley*, 1991 WL 16473 (6th Cir. Feb. 11, 1991). There is "no due process requirement that a hearings investigator must conduct his investigation in a certain way, or Petitioner must be given advance notice of the evidence." *LaFountain v. Howes*, 2007 WL 1712628 (W.D. Mich. June 12, 2007).

Plaintiff does not allege that he was denied prompt notice of the charges against him, a hearing, an opportunity to present evidence, or a written statement of the reasons for the disciplinary decision. He was therefore provided due process in connection with his conviction. *Wolff*, 418 U.S. at 555-74. Plaintiff had no due process right to a hearing investigator or to insist that the investigator conduct his investigation in any particular manner. *LaFountain*, 2007 WL 1712628; *Love*, 1991 WL 16473. Plaintiff's submissions attached to his Complaint show that Defendant McMillian obtained the bulk of the statements and answers to interrogatories that Plaintiff requested. (Docket no. 1 ex. Q). Therefore, Plaintiff's complaint boils down to not being given this information before his hearing. However, there is no requirement that he be given advance notice of all of the evidence. *LaFountain*, 2007 WL 1712628. Finally, the responsibility to ensure the credibility of an informant or the reliability of an informant's information falls to the decision-maker who in this case is the hearing officer and not the hearing investigator. *Hensley v. Wilson*, 850 F.2d 269, 283 (6th Cir. 1988); s*ee Henry v. Pogats*, 35 F.3d 565 (6th Cir. Aug. 25, 1994) (unpublished).

---

[1] If the prisoner is illiterate or the issues are complex, he may be entitled to help from others in connection with a disciplinary hearing. However, there are no such claims in this action.

Plaintiff has failed to establish that Defendant McMillian violated any of his due process rights in connection with his disciplinary hearing. Summary judgment is therefore appropriate in all of Defendant's capacities.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: February 05, 2009                    s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

     I hereby certify that a copy of this Report and Recommendation was served upon John Thompson and Counsel of Record on this date.

Dated: February 05, 2009          s/ Lisa C. Bartlett
                                             Courtroom Deputy