UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN THOMPSON BEY,

        Plaintiff,

v.

        Case Number 07-10919
        Honorable David M. Lawson
        Magistrate Judge Mona K. Majzoub

RICHARD STAPLETON, JOANN RICCI,
L. MCMILLIAN, and JERRY HOFBAUER,

        Defendants.
_____/

**OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS, OVERRULING IN PART AND SUSTAINING IN PART DEFENDANTS' OBJECTIONS, OVERRULING PLAINTIFF'S OBJECTIONS, GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, AND DISMISSING CASE**

This matter is before the Court on objections filed by both the plaintiff and the defendants to a report issued on September 2, 2008 by Magistrate Judge Mona K. Majzoub recommending that a motion for summary judgment filed by defendants Richard Stapleton, Joann Ricci, and Jerry Hofbauer be granted in part and denied in part. Defendant McMillan also filed a motion for summary judgment, which the magistrate judge recommended be granted in a report dated February 5, 2009. The plaintiff has filed objections to that report as well. The plaintiff brought this action under 42 U.S.C. § 1983 alleging that his due process rights were violated when he was found guilty before a hearing officer in 1996 of a major misconduct violation in his prison. The Court entered a general order of reference for the magistrate judge to conduct all pretrial matters, after which these defendants – all employees of the Michigan Department of Corrections – filed their motions. The magistrate judge concluded that the plaintiff's claim against defendant Hofbauer, the prison warden, be dismissed because he was not personally involved in the hearing process, and the plaintiff

objected. She also recommended dismissal of all claims except the official capacity claims for declaratory judgment against Ricci and Stapleton. The defendants objected claiming that this claim should also be dismissed. Finally, she recommended that the claim against defendant McMillan, the hearing investigator, be dismissed because the plaintiff has not made out a due process violation against him. The matter is before the Court for a *de novo* review. The Court concludes that the plaintiff's objections lack merit, but the defendants are correct that the plaintiff may not pursue a declaratory judgment against them in their official capacity because the plaintiff's claim simply addresses past conduct. Therefore, the Court will grant the summary judgment motions by these remaining defendants and dismiss the case.

I.

The plaintiff is a prisoner in the custody of the Michigan Department of Corrections. He filed this civil rights action under 42 U.S.C. § 1983 against the defendants in their personal and official capacities alleging that prison officials violated his due process rights in connection with a prison disciplinary hearing held on June 24, 1996. The plaintiff was convicted of assault and battery on another inmate, who later died of the injuries. The plaintiff was sentenced to detention for thirty days, the loss of disciplinary credits, an increase in his security classification, placement in a "supermax" prison, removal from participation in certain programs, and confinement to segregation for 2,873 days.

Defendant Ricci was the hearing officer who presided over the hearing on June 24, 1996. Defendant Stapleton was the hearing administrator. Defendant Hofbauer was the warden at the institution who processed the Step-II grievance filed by the plaintiff. Defendant McMillan was the hearing investigator assigned to the plaintiff's case.

The plaintiff contends his due process rights were violated because Ricci denied his request for documents and answers to interrogatories needed for his defense before the hearing; the plaintiff says he received the documents from McMillan after the hearing. He also alleges that Ricci failed to make an independent assessment of the informant's credibility and the reliability of the information that the informant provided to support the conviction. The plaintiff says he filed a grievance over the late document delivery, which defendant Hofbauer denied at Step II of the grievance process. The plaintiff also alleges that he formally requested a rehearing of his major misconduct conviction, but the hearing division administrator, defendant Stapleton, denied the request. Finally, the plaintiff contends that defendant McMillan failed to furnish answers to questions the plaintiff sought from five witnesses before the hearing, and McMillan did not deliver other documents necessary for the plaintiff's defense until fourteen days after the hearing. The plaintiff seeks declaratory relief and damages.

Defendants Stapleton and Ricci, move for summary judgment on the grounds of absolute judicial immunity. Defendant Hofbauer moves for summary judgment alleging that he had no personal involvement in the acts that may have violated the plaintiff's constitutional rights. Defendant McMillan and the rest of the defendants also argue for dismissal on the basis of qualified immunity and Eleventh Amendment immunity.

The magistrate judge recommended that the defendants' motion for summary judgment be granted in part. She recommended that defendant Hofbauer be dismissed because he did not have sufficient personal involvement in the alleged unconstitutional acts. The only allegation against Hofbauer is that he denied the Step-II appeal, but the Sixth Circuit held in *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), that simply denying an administrative grievance is not sufficient to

show knowing acquiescence in unconstitutional conduct. The plaintiff has not shown that Hofbauer was otherwise involved in the claimed constitutional violations.

The magistrate judge found that dismissal of the other defendants was not appropriate. Although she first found that Ricci and Stapleton are entitled to absolute judicial immunity for damages for their participation as hearing officer and hearing administrator for the plaintiff's major misconduct hearing, she concluded that this immunity does not extend to a request for declaratory relief. The magistrate judge concluded that the official capacity claims against defendants Ricci and Stapleton could proceed because "state officials sued in their official capacities are 'persons' under section 1983 for purposes of declaratory relief." Rep. & Rec. at 5. The magistrate judge also concluded that the defendants are not entitled to qualified immunity on the claim for declaratory relief.

The magistrate judge found that none of the allegations against defendant McMillan amounted to a due process violation. She reasoned that the plaintiff admits that he was given prompt notice of the charges against him and was confronted with the evidence at the hearing. She found that there is no requirement that the plaintiff be given advance notice of all the evidence against him, and McMillan's delay in providing documents, therefore, is not actionable. She also found that the hearing investigator was not responsible for ensuring the credibility of informant information, as that was the role of the hearing officer.

II.

As indicated above, both sides filed objections to the reports and recommendations. Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement."

*Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

A motion for summary judgment under Fed. R. Civ. P. 56 presumes the absence of a genuine issue of material fact for trial. The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact. *Michigan Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 534 (6th Cir. 2002). Thus, a factual dispute that "is merely colorable or is not significantly probative" will not defeat a motion for summary judgment which is properly supported. *Kraft v. United States*, 991 F.2d 292, 296 (6th Cir. 1993); *see also Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am. v. BVR Liquidating, Inc.*, 190 F.3d 768, 772 (6th Cir. 1999). The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). The party opposing the motion then may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford &*

*Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. If the non-moving party, after sufficient opportunity for discovery, is unable to meet his or her burden of proof, summary judgment is clearly proper. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## A. The plaintiff's objections

The plaintiff did not object to the conclusion that defendants Ricci and Stapleton are entitled to absolute judicial immunity insofar as the claims against them for damages is concerned. Therefore, the Court may and does adopt the report and recommendation as to those issues. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (holding that the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

### 1. Defendant Hofbauer

The plaintiff does object to a portion of the magistrate judge's report, arguing that he has made sufficient allegations against Hofbauer. He contends that when Hofbauer made the definitive statement that McMillian was correct in his handling of the hearing, he "knowingly approved and acquiesced in the unconstitutional conduct of Defendant McMillian." Pl.'s Obj. at 3. However, the Sixth Circuit has held that individuals who respond to a grievance are generally not liable under section 1983. In *Shehee v. Luttrell*, the court explained:

> Defendants Crosley, Hambrick, Henry, Miner and Luttrell argue that they were not involved in Shehee's termination from his commissary job and that their only roles in this action involve the denial of administrative grievances or the failure to act; thus, they cannot be liable under § 1983. We agree. . . . In the present case, Shehee's only allegations against Crosley, Hambrick, Henry and Miner involve their denial of his administrative grievances and their failure to remedy the alleged retaliatory

> behavior. . . . There is no allegation that any of these defendants directly participated, encouraged, authorized or acquiesced in the claimed retaliatory acts against Shehee, nor is there any evidence that these defendants violated Shehee's right to equal protection under the law. Accordingly, we hold that as a matter of law Crosley, Hambrick, Henry, Miner and Luttrell neither committed a constitutional violation nor violated a clearly established right to which Shehee was entitled.

*Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The plaintiff's allegation here is that defendant Hofbauer denied his grievance and failed to remedy a violation of the plaintiff's constitutional rights. Failure to correct the deprivation is not a constitutional violation in itself. The magistrate judge correctly concluded that defendant Hofbauer is entitled to dismissal, and therefore this objection will be overruled.

## 2.  Defendant McMillan

The plaintiff also objects to the recommendation to grant defendant McMillan's motion for summary judgment, first challenging the conclusion that he was provided with an adequate hearing because he was prevented from presenting evidence the defendants withheld from him. Relying on *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974), he claims that the interference with his ability to marshal evidence in his favor deprives him of due process.

Second, the magistrate judge concluded that there was no right to a hearing investigator during a hearing, citing *Love v. Farley*, 925 F.2d 1464, 1991 WL 16473 (6th Cir. Feb. 11, 1991) (unpublished). The plaintiff's claim, however, is that under *Wolff* he is entitled to such an investigator under the circumstances of this case: the charges against him were serious, the evidence was complex, and he was placed in administrative segregation away from the general prison population, which hampered his ability to investigate the charges.

His third objection is that the magistrate judge incorrectly construed his complaint as one for a right to have the investigator conduct the investigation in a particular matter. Fourth, he challenges

the magistrate judge's factual conclusion that defendant McMillian obtained the bulk of the statements requested by the plaintiff. Fifth, he argues that his claim is broader than not being provided evidence before a hearing, but that he was not provided access to certain exculpatory materials at all. Sixth, the plaintiff clarifies that he was not suggesting that the hearing investigator was responsible for ensuring the credibility of informants and their information.

The Supreme Court has held that "a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime," *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974), although those rights are "diminished by the needs and exigencies of the institutional environment," *ibid.* Under the Fourteenth Amendment, a prisoner retains certain aspects of the protection against the deprivation of liberty without due process of law, but "[t]he Due Process Clause standing alone confers no liberty interest in freedom from state action taken within the sentence imposed." *Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) (internal quotation omitted).

In the prison setting, disciplinary regulations do not implicate a protected liberty interest unless they "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In *Sandin*, the Court indicated that a prisoner does not have a liberty interest in being placed outside of solitary confinement. *Id.* at 486. Therefore, no procedural protections are required before an inmate is restricted to solitary confinement or loses privileges. *Ibid.*

In a later case, however, the Supreme Court limited *Sandin*, and found that solitary confinement *can*, in fact, implicate due process depending on its duration. *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005); *see also Harden-Bey v. Rutter*, 524 F.3d 789, 793 (6th Cir. 2008). In *Harden-*

*Bey*, the Sixth Circuit concluded that three years in solitary confinement with no end in sight restricted the inmate's liberty interest to the extent that the Due Process Clause attached.

However, even when a constitutionally-cognizable liberty interest has been established, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply. In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." *Wolff*, 418 U.S. at 556 (citations omitted).

"[T]he requirements of due process are 'flexible and cal[l] for such procedural protections as the particular situation demands.'" *Wilkinson*, 545 U.S. at 224 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). The Supreme Court has directed courts to employ the balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976):

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Wilkinson*, 545 U.S. at 224 (quoting *Mathews*, 424 U.S. at 335). The first factor is limited in the case of prisoners because they "have their liberty curtailed by definition." *Id.* at 225. The government's countervailing interest in limiting certain procedures is significant in light of serious danger posed by inmates in a prison setting. *Id.* at 228.

In *Wolff*, the Supreme Court considered a claim by various inmates at a state prison that the disciplinary proceedings employed by the prison violated their due process rights. The procedures utilized were:

> (1) a preliminary conference with the Chief Corrections Supervisor and the charging party, where the prisoner is informed of the misconduct charge and engages in preliminary discussion on its merits; (2) the preparation of a conduct report and a hearing before the Adjustment Committee, the disciplinary body of the prison, where the report is read to the inmate; and (3) the opportunity at the hearing to ask questions of the charging party.

*Wolff*, 418 U.S. at 558-59. The Court found that due process required prisons to provide prisoners with "advance written notice of the claimed violation and a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken." *Id.* at 563. The notice requirement allows the inmate "a chance to marshal the facts in his defense and to clarify what the charges are, in fact." *Id.* at 564.

The *Wolff* Court found that confrontation and cross-examination were not required, but that an "inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566. In particular, the Court noted that inmate accusers may decline to testify if his identity would be exposed. Recognizing the unique context of the prison and the need for flexibility, the Court held that "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Ibid.* In a later case, the Supreme Court suggested in *dictum* that an inmate who "was completely denied the opportunity to put on a defense through specifically identified witnesses who possessed exculpatory evidence" established "an obvious procedural defect" with the proceeding. *Edwards v. Balisok*, 520 U.S. 641, 646-47 (1997).

The plaintiff's complaint against defendant McMillan does not implicate any of the rights the plaintiff retains as a prisoner faced with a disciplinary hearing. The consequences of a finding of guilt certainly were severe and resulted in confinement to segregation for nearly eight years. However, he was given advance notice of the charges, and although production of certain statements was delayed, that delay did not diminish the notice the plaintiff was given of the charges themselves. The plaintiff was not entitled to discovery or other rights normally associated with a criminal trial. He ultimately received the evidence that he says was withheld from him, and he makes no claim that any of it would have altered the outcome of the hearing or established his innocence of the major misconduct of which he was accused. The plaintiff was not entitled to assistance since he has made no claim that he is illiterate or unable "to collect and present the evidence necessary for an adequate comprehension of the case." *Wolff*, 418 U.S. at 570. In fact, his filings in this court are more cogent and his citations more correctly formalized than those of the attorney general.

The Court finds that the magistrate judge correctly concluded that defendant McMillan is entitled to summary judgment and the plaintiff's objections have no merit.

### B. Defendants' objections

Defendants Ricci and Stapleton submit two objections. First, they challenge the magistrate judge's conclusion that an official capacity suit can proceed consistent with sovereign immunity absent a showing of a continuing violation of federal law, citing *Banas v. Dempsey*, 742 F.2d 277, 287 (6th Cir. 1984), *aff'd sub nom*, *Green v. Mansour*, 474 U.S. 64 (1985). Second, the defendants argue that the plaintiff has not shown a violation of the Due Process Clause. The plaintiff responded to the defendants' objections, first arguing that his claim for declaratory relief may proceed against the officials without violating sovereign immunity because there is no money involved, citing

*Rossborough Mfg. Co. v. Trimble*, 301 F.3d 482, 489 (6th Cir. 2002).  The plaintiff also argues that his allegations were that the hearing officers did not comply with state rules and withheld evidence until after the finding of guilt, which were not random and unauthorized acts that would fall within the ambit of *Parratt* as alleged by defendants.  Moreover, he contends that the hearing officer's determination of credibility was woefully inadequate.

The defendants' objection on the second ground is not well taken.  The defendants argue, "If an official performing a state procedure fails to follow the state procedure or conform his conduct to state law, the plaintiff's injury is the result of a 'random and unauthorized act' which the state was unable to foresee and thus prevent and is barred by the 'Parratt doctrine.'"  Def.s' Obj. at 5.  This conflicts with the plain holding of *Warren v. City of Athens, Ohio*, 411 F.3d 697 (6th Cir. 2005): that the "unauthorized" nature of the defendants' act refers to the "authority to effect the deprivation, not that the act was contrary to law."  *Warren*, 411 F.3d at 709-10.  Here, the defendants had the authority to effectuate the deprivation, and this authority was given to them by the State.  The fact that they may have not complied with state law regarding the deprivation does not make it a random and unauthorized act, but instead constitutes state action "that itself violates due process rights."  *Id.* at 709.

Their first objection, however, has more force.  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself."  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (citations omitted).  "The Eleventh Amendment bars suits brought in federal court against a state and its agencies unless the state has waived its sovereign immunity or consented to be sued in federal court."  *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (citing *Will*, 491

U.S. at 66). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)).

A plaintiff can "avoid[] this sovereign immunity bar by suing for injunctive or declaratory relief, rather than monetary relief." *Id.* at 545 n.1. To determine whether a claim for such relief avoids sovereign immunity, "'a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Dubuc v. Michigan Bd. of Law Examiners*, 342 F.3d 610, 616 (6th Cir. 2003) (quoting *Verizon Maryland, Inc. v. Public Service Commission of Maryland*, 535 U.S. 635, 645 (2002)). As the defendants observe, the Sixth Circuit has held that "a declaratory judgment that defendant's prior conduct violated federal law" does not satisfy this exception:

> In the present cases, plaintiffs, as a result of the change in federal law and defendant's conformance to the federal law, no longer had any ground for an injunction to prevent defendant from violating plaintiffs' rights under federal law, nor did they any longer seek such an injunction. The fundamental requirement of the *Younger* doctrine, ongoing conduct by a state official allegedly in violation of federal law, that would have empowered the District Court to issue an injunction to force compliance with federal law as an exception to the jurisdictional bar of the Eleventh Amendment was simply no longer present.

*Banas*, 742 F.2d at 286-87; *c.f. S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 510 (6th Cir. 2008) ("The alleged constitutional deficiency here is a one-time, past event; the Plaintiffs do not seek a prospective injunction that requires the Attorney General to conform his conduct in an ongoing, continuous fashion. . . . Rather, they seek a declaration that the Attorney General's prior determination was in error and had an impermissible retroactive effect, the correction of which, incidentally, would entitle them to monetary relief."). In fact, the Supreme Court granted certiorari and affirmed the Sixth Circuit in *Banas*, stating:

-13-

> We think that [previous] cases demonstrate the impropriety of the issuance of a declaratory judgment in this case. There is no claimed continuing violation of federal law, and therefore no occasion to issue an injunction. Nor can there be any threat of state officials violating the repealed law in the future. There is a dispute about the lawfulness of respondent's past actions, but the Eleventh Amendment would prohibit the award of money damages or restitution if that dispute were resolved in favor of petitioners. We think that the award of a declaratory judgment in this situation would be useful in resolving the dispute over the past lawfulness of respondent's action only if it might be offered in state-court proceedings as *res judicata* on the issue of liability, leaving to the state courts only a form of accounting proceeding whereby damages or restitution would be computed. But the issuance of a declaratory judgment in these circumstances would have much the same effect as a full-fledged award of damages or restitution by the federal court, the latter kinds of relief being of course prohibited by the Eleventh Amendment.

*Green*, 474 U.S. at 73 (citation omitted). The case cited by the plaintiff and the magistrate judge, *Rossborough Mfg. Co. v. Trimble*, 301 F.3d 482, 489 (6th Cir. 2002), also supports the defendants' position, as it involved ongoing illegal conduct. Any such allegation is absent from the present case. Therefore, the defendants' objection on this ground will be sustained and the magistrate judge's report and recommendation is rejected on this issue.

III.

The Court has considered the defendants' motions for summary judgment *de novo* following the magistrate judge's reports and the parties' objections. The plaintiff's objections lack merit, and one of the defendants' objections is well-taken. The Court will grant both motions for summary judgment.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation on the motion for summary judgment by defendants Stapleton, Ricci, and Hofbauer [dkt #63] is **ADOPTED IN PART AND REJECTED IN PART**.

It is further **ORDERED** that the magistrate judge's report and recommendation on the motion for summary judgment by defendant McMillan [dkt #82] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt #65, 83] to the reports and recommendations are **OVERRULED**.

It is further **ORDERED** that the objections by defendants Stapleton, Ricci, and Hofbauer [dkt #64] to the reports and recommendations are **SUSTAINED IN PART AND OVERRULED IN PART**.

It is further **ORDERED** that the defendants' motions for summary judgment [dkt #48, 79] are **GRANTED**.

It is further **ORDERED** that the plaintiff's complaint is **DISMISSED with prejudice**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 23, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 23, 2009.

s/Lisa M. Ware
LISA M. WARE